UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAR 2 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RONALD STERN,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,

Defendant.

CV207-058

Case: 1:07-cv-00564
Assigned To : Unassigned
Assign. Date : 03/22/2007
Description: RONALD STERN v. FEDERAL BUREAU OF PRISONS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon consideration of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. Plaintiff is an inmate at the Federal Correctional Institution in Jesup, Georgia ("FCI-Jesup"). He is challenging the validity of the Inmate Financial Responsibility Program ("IFRP") implemented by the Bureau of Prisons ("BOP"). Because the Court concludes that venue is more appropriate in the Southern District of Georgia, the case will be transferred.

The BOP instituted the IFRP for the purpose of encouraging "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 541.10. These financial obligations include special assessments, court-ordered restitution, and fines. *Id.*, § 541.11(a). Under the program, prison staff assist an inmate in developing a financial plan and monitor the inmate's progress in meeting the financial obligations. *Id.*, § 541.11. The financial plan can impose a minimum payment of $25.00 per quarter to a maximum of 50% of an inmate's monthly UNICOR

-1-

FILED
U.S. DIST. COURT
SAVANNAH DIV.
2007 MAY 17 A 10 13
CLERK
SO. DIST. OF GA.

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _____ Deputy Clerk

3

pay. *Id.*, § 545.11(b).[1]

The inmate is responsible for making satisfactory progress in complying with the financial plan and providing documentation of his payments. *Id.* Prison staff are required to monitor an inmate's progress to assess his level of responsible behavior. *Id.*, § 545.11(c). An inmate's refusal to participate in the IFRP or to comply with his financial plan may result in negative consequences, such as the denial of furloughs and employment, commissary spending limitations, unfavorable housing, and the refusal of placement in a community-based program. *Id.*, § 545.11(d).

Under 28 U.S.C. § 1404(a) a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways, Inc.*, 464 F.Supp. 461, 463 (D.D.C. 1978). Even though a court should typically give deference to a party's forum choice, it may give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft, Co. v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001). Plaintiff's residence for purposes of venue is the place of his incarceration. *Starnes v. McGuire*, 512 F.2d 918, 925 n.7 (D.C. Cir. 1974)(en banc). FCI-Jesup is located in the Southern District of Georgia.

---

[1] UNICOR is a program that provides work and training opportunities for federal inmates. *Id.*, § 345.11(a).

*Dorman v. Thornburgh*, 740 F.Supp. 875, 880 (D.D.C. 1990), *aff'd in part, dismissed in part, on other grounds,* 955 F.2d 57 (D.C. Cir. 1992). "Many, if indeed not most, petitions filed by prisoners not confined in the District of Columbia and not sentenced here originally, will tend to involve factors that make transfer to the place of incarceration appropriate." *Starnes*, 512 F.2d at 926.

In addition to being Plaintiff's place of residence, FCI-Jesup is also where all the events that gave rise to this action occurred. Any relevant witnesses would be personnel at that institution. Consequently, this action might have been brought in the Southern District of Georgia. And although this case involves a matter of BOP national policy, that factor is not determinative. *Huskey v. Quinlan*, 785 F.Supp. 4, 7 (D.D.C. 1992). "[T]he advantages of litigating a national policy issue in the forum where that policy has been developed must be weighed against the factors suggesting" a transfer of venue. *Starnes*, 512 F.2d at 929. "[T]here is certainly no reason why all cases involving the construction or constitutionality of a federal statute should be litigated in the District of Columbia." *Id.* at 925 n. 7. Moreover, because the implementation of the national policy occurred in Butner, North Carolina, venue is more appropriate there. *See Zakiya v. United States*, 267 F.Supp. 2d 47, 59 (D.D.C. 2003); *Huskey*, 785 F.Supp. at 7. Accordingly, it is

ORDERED that the case be transferred to the Southern District of Georgia. Whether plaintiff should be allowed to proceed *in forma pauperis* is a matter to be decided by the transferee court.

United States District Judge

DATE: 3/8/07

CLOSED, PROSE-PR, TRANSFERRED, TYPE-F

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:07-cv-00564-UNA
## Internal Use Only

STERN v. FEDERAL BUREAU OF PRISONS
Assigned to: Unassigned
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 03/22/2007
Date Terminated: 03/22/2007
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: U.S. Government Defendant

**Plaintiff**

RONALD STERN    represented by   RONALD STERN
R25241-053
JESSUP FEDERAL CORRECTIONAL INSTITUTION
Federal Satellite Low
2680 Highway 301 South
Jessup, GA 31599
PRO SE

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk

By _____
Deputy Clerk

V.

**Defendant**

FEDERAL BUREAU OF PRISONS

| Date Filed | # | Docket Text |
|---|---|---|
| 03/22/2007 | 1 | COMPLAINT against FEDERAL BUREAU OF PRISONS filed by RONALD STERN.(ls, ) (Entered: 03/29/2007) |
| 03/22/2007 |   | SUMMONS Not Issued as to FEDERAL BUREAU OF PRISONS (ls, ) (Entered: 03/29/2007) |
| 03/22/2007 | 2 | MOTION for Leave to Proceed in forma pauperis by RONALD STERN (ls, ) (Entered: 03/29/2007) |
| 03/22/2007 | 3 | MEMORANDUM AND OPINION, ORDER TRANSFERRING PRO SE CASE to the USDC for the Southern District of Georgia. Determination of whether plaintiff should be permitted to proceed further without pre-payment of fees to be decided by the Transferee Court.. Signed by Judge Emmet G. Sullivan on 3/8/07. (ls, ) (Entered: 03/29/2007) |

| Date | | Entry |
|---|---|---|
| 03/22/2007 | ● | (Court only) ***Civil Case Terminated. (ks, ) (Entered: 04/10/2007) |
| 04/26/2007 | ● | Case transferred out to the USDC for the Southern District of Georgia, pursuant to Court's order dated 03/08/07. Sent by certified mail. (jf, ) (Entered: 04/26/2007) |